IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00845-ZLW

WILLIAM MAUNZ,

    Plaintiff,

v.

DENVER COUNTY SHERIFF'S DEPT.,
DENVER POLICE DEPT.,
COLORADO PUBLIC DEFENDER'S OFFICE,
ERIC ZALE, Public Defender,
DENVER DIST. COURT, CT. RM. 23, and
STATE OF COLORADO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 6 2010

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, William Maunz, has filed *pro se* on August 3, 2010, a document titled "Petition/Motion to Re-Open Civil Prisoner's Complaints, 42 § 1983" in which he asks the Court to vacate the Order of Dismissal and the Judgment entered in this action on October 2, 2009. The Court must construe the motion to reconsider liberally because Mr. Maunz is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). Because a motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered, *see* Fed. R. Civ. P. 59(e), the motion to reconsider filed by Mr. Maunz ten months after the Judgment was entered in this action will be considered pursuant to Fed. R. Civ. P. 60(b). **See Van Skiver**, 952 F.2d at 1243 (stating that motion to reconsider filed after ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 60(b) motion). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Maunz failed to cure certain deficiencies despite being granted four extensions of time to cure the deficiencies. Mr. Maunz still has not cured these deficiencies and, in fact, he does not even address his failure to cure the deficiencies in the motion to reconsider. Instead, he apparently asks the Court to reopen this action because he allegedly was assaulted by Denver police officers in November 2009 and again at the Denver County Jail in April 2010. It is not clear how these incidents may be related to the instant action, which was filed and dismissed prior to either alleged assault.

Upon consideration of the motion to reconsider and the entire file, the Court finds that the motion must be denied. Mr. Maunz fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Mr. Maunz is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if Mr. Maunz wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that the motion to reconsider filed on August 3, 2010, is denied.

DATED at Denver, Colorado, this  6th  day of  August , 2010.

BY THE COURT:

 s/Philip A. Brimmer 
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00845-ZLW

William Maunz
Prisoner No. 457517
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/6/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk